UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,   Case No. 14-cv-394-PP

Plaintiff,

v.

APPROXIMATELY $94,600 US CURRENCY,
ONE 2005 BENTLEY CONTINENTAL GT COUPE
    (VIN #SCBCR63W65CO29162),
ONE CUSTOM HAND-MADE 3-D DIAMOND SHIELD
    PENDANT BEARING INITIALS "HK,"
ONE LADIES' BREITLING CUSTOM BLACK MOTHER-
    OF-PEARL DIAMOND WATCH, and
ONE MEN'S 10-KARAT YELLOW GOLD DIAMOND
    BRACELET,

Defendants.

TYRONE MCMILLIAN and
MILWAUKEE COUNTY CHILD SUPPORT ENFORCEMENT,

Claimants.

---

**ORDER DENYING CLAIMANT'S MOTION TO VACATE (DKT. No. 62), APPROVING STIPULATION FOR COMPROMISE SETTLEMENT WITH CLAIMANT MILWAUKEE COUNTY CHILD SUPPORT SERVICES (DKT. NO. 63), GRANTING GOVERNMENT'S MOTION FOR JUDGMENT OF FORFEITURE AND DEFAULT JUDGMENT AS TO THE DEFENDANT APPROXIMATELEY $94,600.00 IN UNITED STATES CURRENCY (DKT. NO. 66), AND DENYING CLAIMANT'S MOTION TO STAY (DKT. NO. 74)**

---

## INTRODUCTION

On September 9, 2015, the court entered a decision and order denying the claimant's motion to compel disclosures (Dkt. No. 34); denying the claimant's motion to amend the answer (Dkt. No. 35); granting the

1

government's motion to strike the answer, dismiss the claim, and grant default judgment (Dkt. No. 38); denying the validity of the claim (Dkt. No. 43); granting the claimant's motion for more time to answer interrogatories (Dkt. No. 48); denying the claimant's motion to strike interrogatories (Dkt. No. 51); and denying the claimant's motion to dismiss (Dkt. No. 52).[1]

Since then, the parties have filed several pleadings and, in the case of the government, proposed orders. On September 28, 2015, claimant Tyrone McMillian filed a motion to vacate the September 9, 2015 order. Dkt. No. 62. On October 19, 2015, the government filed a stipulation for compromise of settlement with claimant Milwaukee County Child Support Services, Dkt. No. 63; a response to the claimant's motion to vacate, Dkt. No. 64; a proposed partial judgment of default and forfeiture as to the four non-currency defendant properties, Dkt. No. 65; and a motion for judgment of forfeiture and motion for default judgment as to the defendant $94,600, Dkt. No. 66. The claimant also has filed a motion asking the court to stay all proceedings in the

---

[1] On October 20, 2015, the government filed a letter to the court, explaining that the court had improperly referenced Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture in several instances where the court should have referenced Rule G. Dkt. No. 68 at 3. The Advisory Committee Notes for the 2006 Adoption of Rule G state that Rule G was "added to bring together the central procedures that govern civil forfeiture actions," and that the rule "generally applies to actions governed by the Civil Asset Forfeiture Reform Act of 2000." Although Rule C and Rule G contain some identical language, Rule C governs the "Special Provisions" of *in rem* actions, while Rule G governs "forfeiture actions *in rem*" generally. With the 2006 amendment to the rules, the committee "amended" Rule C "to reflect the adoption of Rule G to govern procedure in civil forfeiture actions." The court will adopt the revisions the government suggested in the October 20, 2015 letter. The court asks, however, that in the future, if the government wishes the court to do something, it file a motion (a Rule 60 motion, perhaps, to correct a clerical error), rather than writing the court a letter.

forfeiture action until his *habeas* petition is resolved. Dkt. No. 74. This decision and order addresses all of these pleadings and proposed orders.

**I.    CLAIMANT McMILLIAN'S MOTION TO VACATE (DKT. NO. 62)**

On September 28, 2015, claimant McMillian filed a motion to vacate default judgment under Federal Rules of Civil Procedure 55(c) and 60(b). Dkt. No. 62. Rule 55(c) allows the court to "set aside an entry of default for good cause, and it may set aside a final default judgment order under Rule 60(b)." Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding." The court may provide such relief "[o]n motion and just terms" if one or more of the following have occurred:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b).
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "The test is the same for relief under either Rule 55(c) or Rule 60(b), but it is more liberally applied in the Rule 55(c) context." United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir. 1989)). "Rule 55(c) uses the 'good cause' standard for relief *before* judgment has been entered,

3

while referring to the standard under Rule 60(b) for relief *after* judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the 'good cause' standard in Rule 55(c) must be easier to satisfy." Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007) (emphasis added).

On September 9, 2015, the court granted the government's motion for default judgment, and required the government to submit a proposed order granting default judgment. Dkt. No. 61 at 26. Before the government had submitted that proposed order, however, the claimant filed this motion to vacate the September 9, 2015 judgment. Dkt. No. 62. (On October 19, 2015, the government submitted the proposed partial judgment for the non-currency properties, Dkt. No. 65, and a motion for judgment of forfeiture and motion for default judgment as to the defendant $94,600, Dkt. No. 66.) Because the court has not yet entered the final judgment for default in this case, it will analyze the claimant's motion to vacate the judgment under Fed. R. Civ. P. 55(c) and not under Rule 60(b).

"In order to vacate an entry of default," under Rule 55(c), "the moving party must show: (1) good cause for default (2) quick action to correct it *and* (3) meritorious defense to plaintiff's complaint." Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994) (emphasis added) (citing DiMucci, 879 F.2d at 1495). The "good cause" requirement is a threshold requirement; if the defaulting party cannot demonstrate "good cause," the court will not vacate its order. Id. "Rule 55(c) requires 'good cause'

4

for the judicial action, not 'good cause' for the defendant's error . . . the phrase is not a synonym for 'excusable neglect.'" Sims, 475 F.3d at 868 (citing Redfield v. Cont'l Cas. Corp., 818 F.2d 596, 601 (7th Cir. 1987)).

In support of his motion, the claimant asserts several "good cause" arguments. First, he states that he "repeatedly filed motions for extensions of time to file [his] claim," and that he "was under the impression that [he] needed to accompany [his] claim with receipts and proof of ownership." Dkt. No. 62 at 1. Second, relying on Fed. R. Civ. P. 12(a), the claimant argues that he "mistakenly assumed that as long as [he] filed a timely answer [he] was showing a clear intent to defend." Dkt. No. 62 at 2. Third, the claimant asserts that he had limited access to "law books and case law" as a result of a "lockdown" at his prison, due to the inability to travel with anything while the United States Marshals Service transported the claimant between institutions, and because of delays caused by the prison mailing system. Id.

The court is obliged to give the claimant's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The claimant "should have taken measures to ensure [that he] was following the appropriate procedures" for a civil forfeiture action in federal court, but in reviewing the claimant's assertions liberally, the court cannot find that the claimant "acted willfully when [he] failed to" comply with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Williams ex. rel. Williams v.

5

Milwaukee Pub. Schs., No. 10-CV-1113, 2011 WL 5040887, at 1 (E.D. Wis. Oct. 21, 2011) (citing Sims, 475 F.3d at 868).

While the claimant's arguments may show "good cause" for the errors he made in this case, however, the claimant has not shown "good cause" for judicial action. As discussed below, the claimant lacks a "meritorious defense" to the government's complaint, because he lacks standing to challenge the forfeiture. His "good cause" arguments do not remedy that flaw.

The "quick action" that controls whether or not a court should vacate the entry of default refers to whether the movant "took quick action to remedy the default, acting promptly with a motion to the court to set aside the entry of default." Mirbeau of Geneva Lake, LLC v. City of Lake Geneva, 746 F.Supp.2d 1000, 1019 (E.D. Wis. 2010). It is not a reference to any "quick action" taken prior to the entry of default. "[I]t is the post-entry of default conduct that controls." Yan Fang Jiang v. Hannon Group, Ltd., No. 14-CV-309, 2015 WL 541678, at *4 (E.D. Wis. Feb. 10, 2015) (citing Mirabeau, 746 F.Supp. 2d at 1019). As indicated above, the court granted the government's motion for default judgment on September 9, 2015. Dkt. No. 61. Nineteen days—almost three weeks—later, on September 28, 2015, the claimant filed this motion to vacate that order. Dkt. No. 62. The court finds that this satisfies the "quick action" requirement. See Swoope v. Gary Cmty. Schl. Corp., No. 10-CV-423, 2012 WL 589408, at *1 (N.D. Ind. Feb. 22, 2012) (finding that "seventeen days" between the entry of default and the filing of "a motion to set aside the entr[y]

6

of default . . . satisfie[d] the promptness requirement). Thus, the court will move on to determine whether the claimant has a "meritorious defense."

The claimant cannot show that he has a meritorious defense to the government's complaint. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is support by a developed legal and factual basis." Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994) (citing Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990); Breuer Elc. Mfg. Co. v. Toronado Sys. of America, Inc., 687 F.2d 182, 186 (7th Cir. 1982)). In its September 9, 2015 order granting the government's motion for default judgment, the court determined that claimant McMillian did "not have standing to challenge the complaint, because he did not follow the procedural rules for civil *in rem* forfeiture actions." Dkt. No. 61 at 12. The court recounted the procedural requirements of forfeiture actions, and emphasized that "[a] claimant must follow the procedural rules in order to have standing to challenge the complaint." Id. at 14 (citing United States v. U.S. Currency in the Amount of $2,875.00, 754 F.2d 208, 212-13 (7th Cir. 1985)). "This includes properly verifying the claim and filing the claim and answer on time." Id. The claimant "did not file a timely claim, and therefore lack[ed] standing to challenge the complaint." Id. at 15.

Without standing, the claimant cannot raise a "meritorious defense" to the government's action for civil forfeiture or to the government's motion for

7

default judgment. Although the claimant can show "good cause" for his inability to participate properly in the civil forfeiture action, that does not remedy his lack of standing to challenge the civil forfeiture case generally. Further, although the claimant took "quick action" to remedy the entry of default once it occurred, those efforts do not correct his failure to follow the strict procedural requirements of civil forfeiture actions generally. Because he cannot demonstrate a "meritorious defense" to the action, he does not satisfy the test for vacating an entry of default under Rule 55(c), and the court will deny the motion.

Within his motion to vacate the default judgment, the claimant asked the court to allow his timely claim, to allow the claimant's motion to amend the answer, and to strike the government's interrogatories. Because the claimant has not met the three-prong test for vacating judgment under Rule 55(c), the court will deny these requests for the same reasons articulated in its September 9, 2015 Order. See Dkt. No. 61.

## II. STIPULATION FOR COMPROMISE AND SETTLEMENT WITH CLAIMANT MILWAUKEE COUNTY CHILD SUPPORT SERVICES (DKT. No. 63) AND MOTION FOR JUDGMENT OF FORFEITURE AS TO THE DEFENDANT $94,600 (DKT. NO. 66)

In its September 9, 2015 order, the court found that Milwaukee County Child Support Services (MCCSS) was the only claimant to have "filed a timely and procedurally proper claim, Dkt. No. 19, and answer, Dkt. No. 21." Dkt. No. 61 at 21. MCCSS "assert[ed] an interest in a portion of the $94,600, which it propose[d] to apply to the arrears, interest, costs and fees associated with McMillian's child support cases." Id. (citing Dkt. Nos. 19, 21). On October 19,

8

Case 2:14-cv-00394-PP   Filed 05/27/16   Page 8 of 12   Document 77

2015, the government filed a stipulation for compromise settlement with claimant MCCSS. Dkt. No. 63. The court will approve the compromise and settlement between the government and MCCSS, and will enter a separate order of judgment and default following this decision.

On October 19, 2015, the government also filed a motion for judgment of forfeiture and default judgment as to the defendant $94,600 (Dkt. No. 66). The government did this in compliance with the court's September 9, 2015 order, which asked the government to file a proposed order granting the default judgment. Dkt. No. 61 at 26. Following this decision, the court will enter a separate order of judgment and default.

### III. PROPOSED PARTIAL JUDGMENT OF DEFAULT AND FORFEITURE AS TO THE FOUR NON-CURRENCY DEFENDANT PROPERTIES, AND ORDER EXTINGUISHING ANY OWNERSHIP INTEREST OF TYRONE MCMILLIAN IN THE DEFENDANT $94,600.00 (DKT. NO. 65)

On October 19, 2015, the government filed a partial judgment of default and forfeiture as to the four non-currency defendant properties and an order extinguishing any ownership interest that claimant McMillian might have in the defendant $94,6000. Dkt. No. 65. The government did this in compliance with the court's September 9, 2015 order, which asked the government to file a proposed order granting the default judgment. Dkt. No. 61 at 26. Following this decision, the court will enter a separate order of judgment and default.

### IV. MOTION TO STAY ALL MATTERS AND PROCEEDINGS UNTIL THE CONCLUSION OF CLAIMINAT TYRONE MCMILLIAN'S RECENTLY FILED HABEAS CORPUS PETITION (DKT. NO. 74)

On April 21, 2016, the claimant filed a one-page motion, asking the court to stay this forfeiture action "until the conclusion of his Habeas Corpus

9

petition." Dkt. No. 74. The docket for the Eastern District of Wisconsin shows that on April 5, 2016, the claimant filed before Judge Charles N. Clevert, Jr. a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. <u>Tyrone McMillian, Jr. v. United States of America</u>, Dkt. No. 16-cv-417 (CNC). Thus far, there has been no briefing schedule issued in that case. The court will deny the claimant's motion for a stay.

While, as the government points out, 18 U.S.C. §981(g)(2) requires a court to stay a civil forfeiture under certain conditions, those conditions do not exist in the claimant's case. Section 981(g)(2) requires the court to stay the forfeiture action if the claimant is the subject of a related criminal investigation or criminal case; if the claimant has standing to assert a claim in the civil forfeiture; and if continuing to proceed with the forfeiture will impede or interfere with the claimant's right not to be forced to incriminate himself in the related criminal proceedings. The claimant here meets none of those conditions.

As far as the court is aware, there is no criminal case pending against the claimant. The criminal case that gave rise to this forfeiture action, <u>United States v. Tyrone McMillian, Jr.</u>, Dkt. No. 11-cr-193-CNC, ended on October 2, 2015, when Judge Clevert re-sentenced the claimant on remand from the Seventh Circuit. A review of the docket in Dkt. No. 11-cr-193-CNC indicates that the claimant did not appeal his October 2, 2015 re-sentencing. While he has filed the §2255 petition discussed above, that is not a criminal proceeding. That is a collateral attack on his conviction; it is a *civil* case.

10

Case 2:14-cv-00394-PP Filed 05/27/16 Page 10 of 12 Document 77

As the court already has found, both in its original order and in this one, the claimant does not have standing to file a claim in the forfeiture action.

Finally, to the extent that there is much left in the way of "proceedings" in this forfeiture action, continuing with those proceedings will not put at risk the claimant's Fifth Amendment right against self-incrimination. The court already has made its substantive findings in the forfeiture case; there are no allegations for the claimant to respond to.

This forfeiture case is finished; the only reason it has lingered this long is due to the press of the court's case load. There is nothing for the court to stay—it already has decided (twice, now) that the claimant does not have standing to bring a claim. The court will enter the orders of judgment the government provided some time ago.

## V. CONCLUSION

The court **DENIES** the claimant's motion to vacate (Dkt. No. 62). The court **APPROVES** the stipulation for compromise and settlement with claimant Milwaukee County (Dkt. No. 63). Following this decision and order, the court will enter an order of judgment as to the proposed partial judgment of default and forfeiture as to the four non-currency defendant properties (Dkt. No. 65) and an order of forfeiture and default judgment as to the defendant $94,600 (Dkt. No. 66). The court **DENIES** the claimant's motion to stay proceedings. (Dkt. No. 74)

The court received the claimant's notice of change of address, Dkt. No. 69, and will mail a copy of this and any future orders to that address.

Dated in Milwaukee, Wisconsin this 27th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge